IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
NOV 19 2018
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| BRYAN MICHAEL CONNER,<br><br>Plaintiff,<br><br>vs.<br><br>FLATHEAD COUNTY DETENTION CENTER,<br><br>Defendant. | Cause No. CV 18-130-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Plaintiff Conner filed this action on July 12, 2018.

## I. Screening

Conner was a prisoner at the time he filed, and he is proceeding in forma pauperis. *See* Mot. (Doc. 1); Order (Doc. 5). The Court must review his complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A. Conner is also self-represented. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted).

## II. Analysis

Conner alleges that, on four occasions between April 27, 2018, and May 19,

1

2018, staff members at the Flathead County Detention Center failed to ensure his food trays did not contain peanuts or peanut products, eggs or egg products, or gluten. He received peanut butter on April 27 and again on May 10, both times in a "container" separate from the rest of the meal; mayonnaise, also in a separate container, on May 5; and "chopped noodles that looked like the bigger noodles were picked out" on May 19. Based on these incidents, Conner brings suit under 42 U.S.C. § 1983. *See* Compl. (Doc. 2) at 5 ¶ II. He alleges violation of the Americans with Disabilities Act ("ADA") and "negligence, criminal endangerment, attempted manslaughter, attempted murder, and attempted murder of an inmate." *See* Compl. at 6 ¶ IIIA(1)–(4); *see also* Compl. Exs. (Doc. 2-1 at 1– 9) (grievance forms). He claims entitlement to $2,500,000. *See* Compl. at 7 ¶ V.

Contrary to his irrational claim of "attempted murder," Conner's allegations demonstrate that staff are sensitive to special dietary needs. Conner filed his complaint on July 12, 2018. Presumably jail staff met his needs three times a day from at least April 27 through, say, July 1, or 95 times out of 99. And the practice of placing items such as peanut butter in separate containers gives inmates an opportunity to double-check staff's work for themselves and avoid harm.

Conner's complaint fails to state a claim on which relief may be granted. He has no claim under 42 U.S.C. § 1983, because his allegations do not support an

inference that staff were objectively deliberately indifferent[1] to his special dietary needs. *See, e.g., Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). The ADA does not support a claim. The special diet was a reasonable accommodation of Conner's dietary needs, not discrimination against him because he has such needs, and errors in accommodating his needs do not violate the Act. *See Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."). And Conner cannot support a claim for negligence; among other reasons, he suffered no damages. *See* Compl. at 7 ("I successfully avoided needing medical treatment.")

Conner's complaint demeans the Constitution and the ADA. This is not a matter of inartful pro se pleading. He has simply blown the facts of his case out of all reasonable proportion. The complaint should be dismissed with prejudice for failure to state a claim.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Conner's complaint should be DISMISSED WITH PREJUDICE for

---

[1] As the basis of Conner's custody is not clear, he might be more properly required to meet the Eighth Amendment's subjective deliberate-indifference standard. *See, e.g., Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). The Court assumes, in his favor, that he was a pretrial detainee.

3

failure to state a claim on which relief may be granted.

2. The docket should reflect that Conner's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

3. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Conner may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[2] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Conner must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 19th day of November, 2018.

Jeremiah C. Lynch
United States Magistrate Judge

---

[2] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

4