IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRYAN MICHAEL CONNER,<br><br>Plaintiff,<br><br>vs.<br><br>FLATHEAD COUNTY DETENTION CENTER,<br><br>Defendant. | CV 18–130–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on November 19, 2018, recommending that the Court: (1) dismiss Plaintiff Bryan Michael Conner's complaint with prejudice; order the docket reflect that Conner's filing of this action counts as a strike under U.S.C. § 1915(g); and (3) certify that no appeal from this disposition could be taken in good faith. (Doc. 7.) Conner failed to timely object to the Findings and Recommendation,[1] and so waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings and

---

[1] It appears that Conner has not been effectively served with a copy of the Findings and Recommendations. Conner has not provided a current mailing address despite notification that failure to do so may result in dismissal of his action. Accordingly, the Court cannot excuse the failure to object.

-1-

recommendations to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) (citation omitted).

Having reviewed the Findings and Recommendation (Doc. 57), the Court finds no clear error in Judge Lynch's recommendation that Conner's complaint be dismissed with prejudice. Conner has not alleged deliberate indifference, which is required under 42 U.S.C. § 1983. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). And he has not alleged discrimination under the ADA but only "inadequate treatment." *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010). The standard for dismissal with prejudice is high: "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). However, Judge Lynch did not clearly err in finding the standard met. The grievances filed by Conner unequivocally establish that: (1) Conner neither suffered nor was in danger of suffering any actual injury; (2) kitchen staff generally successfully accommodated his food allergies and sensitivities; (3) the detention center had a policy of accommodating allergies and sensitivities; and (4) Conner's grievances received appropriate attention.

Nor is there clear error in Judge Lynch's recommendation that the Court order that the docket reflect that Conner's filing of this action counts as one strike under 28 U.S.C. § 1915(g). The Court grants the motion to dismiss on the grounds that it is both "frivolous" and "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Finally, Judge Lynch did not err in recommending that the Court certify that any appeal from this disposition would not be taken in good faith. Fed. R. App. P. 24(a)(4)(B).

Accordingly, IT IS ORDERED:

(1) Judge Lynch's Findings and Recommendation (Doc. 7) is ADOPTED IN FULL;

(2) Conner's Complaint is DISMISSED WITH PREJUDICE;

(3) The Clerk of Court shall have the docket reflect that Conner's filing of this action counts as one strike under 28 U.S.C. § 1915(g); and

(4) The Clerk of Court shall have the docket reflect that the Court has certified that any appeal from this disposition would not be taken in good faith pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B).

DATED this 14th day of January, 2019.

_____
Dana L. Christensen, Chief Judge
United States District Court